IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE MAYA,

                Plaintiff,

v.                                      OPINION and ORDER

SAUK COUNTY,                            22-cv-172-jdp

                Defendant.

---

    Plaintiff Jorge Maya alleges that Sauk County jail medical staff denied him HIV medications. Dkt. 1. The court granted him leave to proceed on a constitutional medical care claim against defendant Sauk County. Dkt. 15. At the time he filed the lawsuit, Maya was incarcerated and did not have an attorney. Dkt. 1. He has since been released from custody and has obtained counsel to represent him. See Dkt. 37 and Dkt. 39.

    Maya now moves for voluntary dismissal of the case without prejudice under Federal Rule of Civil Procedure 41(a)(2), which provides that a plaintiff may move for a court order dismissing a case "on terms that the court considers proper." Maya, now that he is represented, says that his initial complaint has several deficiencies: it does not contain well-pleaded facts, name the correct defendants, or raise the proper causes of action. Maya seeks dismissal of the case so that he can obtain more information about his medical care at Sauk County Jail and refile the case against the proper defendants.

    The court may grant a motion for voluntary dismissal under Rule 41(a)(2) if the dismissal does not cause Sauk County "plain legal prejudice." *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007). The court may, but is not required to, consider several guiding factors, such as the Sauk County's effort and expense in the litigation, Maya's delay or

lack of diligence, whether there is a sufficient explanation for the requested dismissal, and whether a summary judgment motion has been filed. *Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The court concludes that Rule 41(a)(2) dismissal of the case would not impose plain legal prejudice on Sauk County, so the motion will be granted.

Sauk County contends that it would be unduly prejudiced by dismissal of this case under Rule 41(a)(2) for three reasons. First, it says that it has sunk significant time and resources into the case: it answered the complaint, participated in a pretrial conference, opposed a motion to compel, responded to Maya's discovery requests, and is currently processing more discovery. But Sauk County merely describes the routine defense of a case into its early stages. Sauk County has not moved for summary judgment, and the docket sheet reveals nothing extraordinary about how the case has been litigated. That's not enough to show plain legal prejudice. *See Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) (examples of legal prejudice include the complete loss of a defense or legal claim, obstruction of contract rights, or the inability to seek contribution or indemnification). Substantial and extensive discovery is relevant to prejudice. *Planet Ins. Co. v. Griffith*, 712 F. Supp. 659, 661 (N.D. Ill. 1989). But Sauk County only says that it has responded to three of Maya's interrogatories and is currently processing his other requests, without providing any detail about the time or resources it has expended. Sauk County hasn't demonstrated that it will suffer plain legal prejudice based on its litigation efforts so far in the case.

Second, Sauk County contends that Maya has not been diligent in his lawsuit. Specifically, it points to Maya's failure to amend his complaint by the deadline and the length of time it took Maya to obtain counsel. But Maya suffers from serious health problems and filed this lawsuit when he was incarcerated and unrepresented. After he was released, he lived

at a homeless shelter. Dkt. 22. It is understandable that it took him several months to find an attorney. And before retaining his attorney, Maya had no reason to amend his complaint. Maya has otherwise prosecuted his case, routinely notifying the court of his new addresses, Dkt. 22 and Dkt. 37, requesting assistance in recruiting counsel, Dkts. 17; 31; 38, and pursuing discovery matters, Dkt. 34 and 35. Maya has been diligent in litigating his case.

Finally, Sauk County contends that Maya's Rule 41 motion should be denied because Maya seeks to skirt the attorney fee limitations of the Prison Litigation Reform Act (PLRA). Because Maya was incarcerated when he filed this lawsuit, the case is subject to the PLRA, which limits the fees that may be awarded to attorneys in prisoner lawsuits. § 42 U.S.C. § 1997e(d). If Maya refiles his complaint now that he out of custody, his case will not be subject to the PLRA. Sauk County says it will be prejudiced because it will potentially be exposed to higher attorney fees. But Maya says that he's not even sure whether he will name Sauk County in a new lawsuit. And numerous courts have permitted PLRA plaintiffs to refile their cases post-incarceration to avoid the PLRA's limitations. *Riggs v. Sonney*, No. 1:13-CV-9291, 2017 WL 2936697, at *3 (N.D. Ill. July 10, 2017) (granting voluntary dismissal when an explicit reason was to avoid the limitations of the PLRA); *Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) (same); *Epps v. Dart*, No. 20-CV-05742, 2022 WL 1316547, at *6 (N.D. Ill. May 3, 2022) (granting voluntary dismissal even though defendants lost exhaustion defense under the PLRA); *Dixon v. Page*, 291 F.3d 485, 488, n.1 (7th Cir. 2002) (noting that plaintiff released from custody could file a new complaint that would not be subject to the PLRA's exhaustion requirements). Sauk County has not demonstrated that it will face plain legal prejudice if the case is dismissed. Maya's motion will be granted.

Several other motions are pending before the court. Maya has filed two motions for assistance in recruiting counsel. Dkt. 31 and Dkt. 38. He has also filed two letters asking for the court's assistance in identifying the Doe defendants in his case. Dkt. 34 and Dkt. 35. The motions will be denied as moot, because the case will be dismissed. Maya has obtained counsel who should be able to obtain the information that is necessary to refile a new complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Jorge Maya's motion to dismiss without prejudice, Dkt. 40, is GRANTED.

2. Plaintiff's motions for assistance in recruiting counsel, Dkt. 31 and Dkt. 38, are DENIED.

3. Plaintiff's motions requesting identification of Doe defendants, Dkt. 34 and Dkt. 35, are DENIED.

Entered May 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge